NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JUN 14 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME HERNANDEZ-RESENDIZ, | No.    18-71901 |
| Petitioner, | Agency No. A200-978-686 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019**

Before:      CANBY, GRABER, and MURGUIA, Circuit Judges.

Jaime Hernandez-Resendiz, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider those changed circumstances contentions that, as noted by the BIA, Hernandez-Resendiz failed to raise to the IJ. *See Matter of J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) (issues not raised to the IJ are not properly before the BIA on appeal); *see also Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

The record does not compel the conclusion that Hernandez-Resendiz established changed or extraordinary circumstances to excuse his untimely asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5). Thus, Hernandez-Resendiz's asylum claim fails.

18-71901

As to withholding of removal, the agency did not err in finding that Hernandez-Resendiz failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico does not constitute a particular social group); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding that "returning Mexicans from the United States" did not constitute a particular social group).

Substantial evidence supports the agency's determination that Hernandez-Resendiz failed to establish that the harm he fears in Mexico would be on account of his family membership or an imputed political opinion. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Ayala v. Holder*, 640 F.3d 1095,

3                                                                                    18-71901

1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group" (emphasis in original)); *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide some evidence of [motive], direct or circumstantial"). Thus, Hernandez-Resendiz's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Hernandez-Resendiz failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Finally, substantial evidence supports the agency's finding that Hernandez-Resendiz failed to establish that his involvement in alien smuggling did not statutorily bar him from demonstrating the good moral character required for cancellation of removal. *See* 8 U.S.C. §§ 1101(f)(3), 1182(a)(6)(E)(i); *Sanchez v. Holder*, 560 F.3d 1028, 1032 (9th Cir. 2009) (en banc) ("[A]lien smugglers are one of the classes of persons that cannot be found to have good moral character for the purposes of cancellation of removal . . . .").

In light of this disposition, we do not address Hernandez-Resendiz's

remaining contentions as to his eligibility for asylum and cancellation of removal.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**